# UNITED STATES DISTRICT COURT

__SOUTHERN__ DISTRICT OF __CALIFORNIA__

FILED
2008 AUG 12 PM 4:57
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ VMA DEPUTY

In the Matter of the Search of
(Name, address or brief description of person, property or premises to be

Premises known as:
Boost Mobile i855 Cellular Telephone
Model # H65XAN6RR4DN
Serial Number 364VHS069B

**APPLICATION AND AFFIDAVIT FOR SEARCH WARRANT**

Case Number: '08 MJ 2502

I, __Special Agent Murry T. Streetman__ being duly sworn depose and say:

I am a(n) __Special Agent of the Federal Bureau of Investigation (FBI)__ and have reason to believe
Official Title

that ☐ on the person of or  x  on the property or premises known as (name, description and/or location)
See Attachment A

in the __SOUTHERN__ District of __CALIFORNIA__
there is now concealed a certain person or property, namely (describe the person or property to be seized)
See Attachment B

which is (state one or more bases for search and seizure set forth under Rule 41(b) of the Federal Rules of Criminal Procedure)

Property that constitutes evidence of the commission of a criminal offense, contraband, the fruits of crime, things otherwise criminally possessed and property designed and intended for use and which is and has been used as the means for committing a criminal offense.

concerning a violation of Title __8__ United States code, Section(s) __1324__
The facts to support a finding of Probable Cause are as follows:

See Attached Affidavit in support of Application

Continued on the attached sheet and made a part hereof:   x  Yes   ☐ No

_____
Signature of Affiant

Sworn to before me and subscribed in my presence,

AUG 1 2 2008                                at        San Diego, California
Date                                                   City and State

ANTHONY J. BATTAGLIA
U.S. MAGISTRATE JUDGE                              _____
Name and Title of Judicial Officer                 Signature of Judicial Officer

## ATTACHMENT A

Description of Property:

Boost Mobile i855 Cellular Telephone, Model # H65XAN6RR4DN, Serial Number 364VHS069B, black in color, currently in the custody of the United States Border Patrol in San Diego, CA.

## ATTACHMENT B – PROPERTY TO BE SEIZED

a. The phone numbers and/or direct connect and/or names and identities assigned to the cellular phone;

b. Digital, cellular, and/or telephone numbers and/or direct connect numbers, names, and identities stored in the directories;

c. Phone numbers and direct connect numbers dialed from the cellular phone and stored in the memory;

d. The last number dialed from the cellular phone; and

e. Any other electronic information in the stored memory of the cellular phone relating to all violations of Title 8, United States Code, Section 1324.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**AFFIDAVIT IN SUPPORT OF APPLICATION**

I, MURRY T. STREETMAN, a Special Agent of the United States Federal Bureau of Investigation (FBI) being duly sworn, declare and state:

**I**

**INTRODUCTION**

1. I have been employed by the FBI for twenty two months and have been assigned to work Alien Smuggling Investigations since January 2007. During the course of my employment as an FBI Special Agent, I have initiated or have been involved in investigations that employed various investigative techniques including physical surveillance, cooperating witnesses, consensual recordings, search warrants, Title III electronic intercepts, undercover operations, pen registers, trash covers, mail covers and grand jury proceedings.

2. As a Special Agent with the FBI, I have participated in alien smuggling investigations along with senior FBI, Immigration and Customs Enforcement (ICE) Special Agents, United States Border Patrol (USBP) Agents and Customs and Border Protection (CBP) Enforcement Officers. These investigations explored: (1) the unlawful bringing in and transportation of illegal aliens into the United States and within the borders of the United States; and (2) conspiracies associated with alien smuggling, such as aiding and abetting and money laundering in violation of Title 8 U.S.C. Section 1324. During these investigations, I have actively participated in debriefing defendants, witnesses, and informants; conducting surveillance; executing search and arrest warrants; and making arrests for alien smuggling-related offenses.

3. Through my training, experience, and interaction with more senior FBI and USBP Agents, I have become familiar with the methods employed by alien smugglers to smuggle, safeguard, and distribute aliens, and to collect and launder alien smuggling proceeds. These methods consistently generate many types of evidence such as those included in Attachment B.

4. The following is based on my own investigation, oral and written reports by other law enforcement officers, physical and electronic surveillances, interviews, subpoenaed and public records, data base checks, searches, and phone analysis. Since this affidavit is for a limited purpose, I have not included every fact known about this investigation. I set forth only facts necessary to establish foundation for the requested search warrant. Dates and times are approximate.

## II

## FACTS SUPPORTING PROBABLE CAUSE

5. On July 31, 2008, at approximately 3:20 p.m., San Diego Police Officer Deyling encountered a 2007 Jeep parked at the ARCO gas station located at 2255 Palm Avenue, San Diego, California. The Jeep's engine was idling while an unknown male was seated in the driver's seat and a unknown female in the passenger seat. The vehicle was bearing a McCune dealership paper license plate on the rear of the vehicle. Officer Deyling questioned the driver regarding the vehicle's registration and asked the driver and passenger for identification. The male driver produced a California driver's license identifying him as Jeff REYES-Mejia, a United States Citizen. The front passenger, a Hispanic female, failed to produce any form of identification. Officer Deyling then requested the presence of a Border Patrol Agent to determine the immigration status of the Hispanic female passenger.

6. At approximately 3:30 p.m., Border Patrol Agent V. Aguilar, assigned to the Smuggling Interdiction Group (SIG), responded to the request by Officer Deyling and upon arrival questioned both REYES and the female passenger. Agent Aguilar identified himself as a Border Patrol Agent to REYES and questioned him about his relationship with the female passenger. REYES stated he had come from Tijuana, Baja California, Mexico and that he was trying to meet the female passenger as a possible girlfriend.

7. Agent Aguilar then approached the female passenger in the Jeep, later identified as Julia FRANCO-Perez, and identified himself as a Border Patrol Agent. Agent Aguilar question her as to her immigration status. FRANCO stated that she was a citizen and national of Mexico without any immigration documents allowing her to be or remain legally in the United States. Agent Aguilar then questioned her as to her relationship to the driver. FRANCO stated she did not know him and that he

2

1  was giving her a ride. Agent Aguilar placed FRANCO under arrest for violations of Title 8, USC 1325
2  (illegal entry).

3      8. The ARCO station located at 2255 Palm Avenue is located approximately 4 miles north from
4  the San Ysidro Port of Entry. Also located across from the ARCO Station is the Palm Avenue Trolley
5  stop. Alien smugglers often use the San Diego trolley system to transport illegal aliens from the United
6  States/Mexico border into the interior of San Diego County. In addition to the close proximately of the
7  trolley station, the ARCO gas station is locate just east of Interstate 5 (I-5). Due to its close proximately
8  and easy access to the interstate, alien smugglers often use this location as a meeting location where
9  human cargo is exchanged from on vehicle to another. Because of these circumstances and the illegal
10 status of FRANCO, Agent Aguilar placed REYES under arrest for suspicion of alien smuggling and
11 transported him to the Chula Vista Border Patrol Station for further questioning.

12     9. An immediate search of the front passenger area of the vehicle conducted by Agent Aguilar
13 produced the discovery of two cellular telephones: Verison Wireless Samsung cellular telephone, Model
14 #SCH-U620, Serial #02411527141, black in color; and a Boost Mobile i855 cellular telephone, Model
15 #H65XAN6RR4DN, Serial #364VHS069B, black in color.

16     10. During a post Miranda interview, REYES claimed that on the morning of July 31, 2008,
17 he entered the United States alone through the San Ysidro Port of Entry at approximately 12:00 p.m.
18 Upon entering the United States he saw a female, FRANCO, and thought that if he offered her a ride,
19 he might get to meet her as a girlfriend. REYES stopped his Jeep, offered FRANCO a ride, and she
20 accepted. REYES claims that after a short distance, FRANCO requested that he stop at the ARCO gas
21 station on Palm Avenue. REYES was unclear if FRANCO wanted to stop to wait for someone or
22 something to arrive. After parking in the ARCO parking lot and waiting for approximately 25 minutes,
23 REYES became bored and started the vehicle. Before leaving the ARCO gas station, Officer Deyling
24 approached the Jeep and questioned REYES and FRANCO.

25     11. During a post arrest interview, FRANCO, an undocumented alien, stated that on July 31,
26 2008, at approximately 5:00 a.m., she was smuggled through the pedestrian lanes of the San Ysidro Port
27 of Entry (POE), by a foot guide, with an imposter document. Once into the United States, FRANCO
28 was instructed to board the San Diego trolley with the foot guide. Both she and the foot guide proceeded

North on the San Diego Trolley and at an unknown trolley stop, the foot-guide instructed FRANCO to exit the trolley and follow him to a waiting gray vehicle. The driver of the gray vehicle transported the foot-guide to an area near the U.S./Mexico border, deposited the foot guide, then drove FRANCO to an apartment building in San Diego, CA. At the apartment building, FRANCO was taken to an apartment with a white door and told to entered the apartment. She stayed in the living room area of the apartment for approximately three hours, during which time the driver of the gray vehicle brought her a hamburger. After approximately three hours, she was instructed by the driver of the gray vehicle to exit the apartment and enter a different gray vehicle, a Jeep, which would transport her to her final destination, Los Angeles, CA. The driver of the second gray vehicle was described by FRANCO as a young, Hispanic male, approximately 23 years of age. The Jeep drove approximately 15 minutes before arriving at a gas station. While driving to the gas station, the Hispanic male driver of the Jeep was talking on a cellular telephone. After arriving at the gas station, the driver exited the Jeep, used a cellular phone again, and entered the gas station. Shortly after the driver returned to the Jeep, Officer Deyling approached the vehicle.

12. When presented with a photographic line-up, FRANCO positively identified photograph #2 as the driver of the vehicle that picked her up from the apartment complex and transported her to the gas station. Photograph #2 depicts principal Jeff REYES-Mejia.

V

**CONCLUSION**

13. Based on my training and experience, I believe individuals utilize cellular and digital telephones during the commission of the alien smuggling offense to coordinate the transportation and delivery of the illegal aliens. Paragraph 9 references the cellular telephones that were found in REYES' vehicle at the time of his arrest. Additionally, paragraph 11 references the use of a cellular telephone by the driver of the Jeep, Jeff REYES-Mejia, while driving to the ARCO gas station and then again at the gas station. The cellular telephone calls were made during the transportation of an undocumented illegal alien.

14. Based on the facts and circumstances above, there is probable cause to believe the subject cellular telephone identified in Attachment A has been used in the commission of a crime and constitute

4

evidence, fruits, and instrumentalities of violations of Title 8, United States Code, Section 1324, as provided in Attachment B.

15. Having signed this affidavit under oath, the affiant states that its contents are true and correct to the best of my knowledge, information and belief.

MURRY T. STREETMAN
Special Agent
Federal Bureau of Investigation

SUBSCRIBED and SWORN to before me this day/27 of August 2008.

ANTHONY J. BATTAGLIA
United States Magistrate Judge

5